# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ZILA, INC., | |
|     Plaintiff/Counterdefendant, | Case No. 2:00-CV-01345-KJD-LRL |
| v. | **ORDER** |
| JAMES E. TINNELL, | |
|     Defendant/Counterclaimant. | |

      Presently before the Court is Defendant Tinnell's Motion for Summary Judgment Re: the 1992 Patent (#197). Plaintiff filed a response in opposition (#223/224/225) to which Defendant replied (#230/232/233). Contemporaneously, the Court has considered Plaintiff's Motion for Summary Judgment on Tinnell's Claim for Inventorship (#227). Defendant filed a response in opposition (#233) to which Plaintiff replied (#237/238). The Court has also considered Plaintiff's Motion to Strike (#226) and Defendant's Countermotion to Strike (#231) and the corresponding oppositions and replies.

I. Analysis

      The facts of this case are well known to the parties and are laid out in detail in the Ninth Circuits' opinion: <u>Zila, Inc. v. Tinnell</u>, 502 F.3d 1014, 1017-19 (9th Cir. 2007). In that opinion, the Court remanded "to the district court for a determination [of] whether Tinnell should be credited

with invention of the 1992 patent." After having read the voluminous briefs, declarations, depositions and exhibits, the Court finds that genuine issues of material fact prevent it from granting either party summary judgment. Summary judgment should not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Primarily, issues of credibility are best resolved by finders of fact who personally experience the demeanor and manner of witnesses as they testify.

Within ninety (90) days of the entry of this order, the Court orders the parties to meet, confer and prepare a pre-trial brief identifying which issues of law and fact require resolution by the Court at trial and which issues of fact require resolution by a jury with appropriate citations to statute or controlling case law. For any issues on which the parties cannot agree, they shall set out a succinct summation of their opinion with appropriate citations.

II.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Tinnell's Motion for Summary Judgment Re: the 1992 Patent (#197) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment on Tinnell's Claim for Inventorship (#227) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#226) and Defendant's Countermotion to Strike (#231) are **DENIED as moot**.

DATED this 30th day of September 2008.

Kent J. Dawson  
United States District Judge